favor of plaintiff entered upon a verdict and directing a dismissal of the complaint. The action was to recover back the money paid for 400 bags of beans purchased from the defendants in April, 1917, which beans it was alleged were found upon inspection to be not of the quality or kind warranted by the defendants and not to conform with the United States Food and Drugs Act of June 30, 1906. Defendant contended that the goods were bought on a repeat order, received, inspected and accepted by the buyer on May 3, 1917, retained for more than five months in a hot warehouse without being subjected to analysis, and then finally analyzed and pronounced unfit for use.

*Nash Rockwood* for appellant.
*Abraham Tulin* for respondents.

Judgment affirmed, with costs; no opinion.
Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

JOHN J. RANDALL COMPANY, Appellant, *v.* FRANK WILLETTS, Defendant, and TOWN OF HEMPSTEAD, Respondent.

*Real property — title — ejectment — title to land in town of Hempstead — estoppel.*

Randall Co. v. *Willetts,* 204 App. Div. 841, affirmed.
(Submitted October 16, 1923; decided November 20, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 1, 1922, affirming a judgment in favor of defendant, respondent, entered upon a verdict. The action was in ejectment and involved about fifty-seven acres of meadow or marsh land situate in the town of Hempstead, Nassau county. Plaintiff in its complaint claimed ownership of the land in fee, and that the defendant Frank Willetts was in possession under a lease from the defendant town of Hempstead, and that the defendant town of Hempstead had exercised various acts

of ownership thereover and claims title thereto and asked judgment for possession, with certain damages for the withholding by the defendants. Defendant town of Hempstead, by its answer, denied plaintiff's title and further claimed an estoppel as against the plaintiff to dispute the defendant town of Hempstead's title, contending that the plaintiff was the tenant of the said defendant town of Hempstead.

*Leo Fishel* for appellant.

*Alfred T. Davison* and *James K. Foster* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

ADOLPH HOLLANDER et al., Appellants, *v.* LIGNUM CHEMICAL WORKS, Respondent.

*Contract — sale — action for failure to deliver — defense that purchasers prevented performance.*

*Hollander* v. *Lignum Chemical Works*, 205 App. Div. 251, affirmed.
(Argued October 17, 1923; decided November 20, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 17, 1923, modifying and affirming as modified a judgment in favor of plaintiffs entered upon a decision of the court at a Trial Term without a jury. The action was to recover for an alleged breach of contract of sale by defendant of 50,000 bags of sawdust. The complaint alleged that when the contract was partially performed defendant refused to complete it, there remaining undelivered 26,829 bags. The defense was that plaintiffs prevented performance of the contract.

*Julius Henry Cohen, Theodore B. Richter* and *Kenneth Dayton* for appellants.

*Charles A. Decker* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.